IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 3D PLASTICS, INC. | § | |
|       **Plaintiff** | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-95 (TJW) |
| | § | |
| A. SCHULMAN, INC. | § | JURY TRIAL DEMANDED |
|       **Defendant** | § | |
| v. | § | |
| | § | |
| EQUISTAR CHEMICALS, LP | § | |
|       **Third Party Defendant** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

1. This is a civil action arising out of violations of the Texas Deceptive Trade Practices Act, breach of contract, negligence and fraud by Defendant A. Schulman, Inc. which has caused irreparable harm and damages to Plaintiff.

2. Parties to this suit are:

   Plaintiff is 3D Plastics, Inc.. ("3D") is a Texas corporation authorized to conduct business in the State of Texas, with its home office located in Gregg County, Texas, in the Eastern District of Texas.

   Defendant is A. Schulman, Inc. ("Schulman") is a Delaware corporation, and has been served and has answered herein.

   Third Party Defendant is Equistar Chemicals, LP ("Equistar") is a Delaware limited partnership, and has been served and has answered herein.

3. The Plaintiff, Defendant and Third Party Defendant are citizens of different states, thereby creating a diversity of citizenship.

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has jurisdiction of this action under 28 U.S.C., Section 1332, and venue of this suit is

proper herein because the transactions and events giving rise to this cause of action occurred within the Eastern District of Texas.

5.     3D is a "business consumer" within the meaning of the Deceptive Trade Practices Act of the State of Texas (DTPA), because it sought to acquire goods or services by lease or purchase for commercial or business use in the transactions which are the subject matter of this lawsuit, and Defendant received benefits from the transactions or sought to do so.  3D's claims arise out of the transactions described herein.

6.     In August of 2006, 3D received notification from a long standing, valued customer that they had thousands of parts shipped to them by 3D made from Schulman CP802LL that showed a surface imperfection they referred to as "gloss stain."  The extent of the complaint soon grew to include approximately 40,000 parts at 3D's customer's facilities, and at least 80,000 parts in the 3D warehouse.

7.     The "gloss stain" did not manifest itself for a number of days, after all quality control checks and audits had been performed by 3D.  Thus, 3D had no knowledge of the defect until same was shipped to the customer, and the customer so notified 3D.

8.     Parts were sent to Schulman, and the result found was the "gloss stain" was a phenolic antioxidant, which had been supplied by Schulman to 3D.  3D has since discovered that Schulman changed the material that they had been supplying to 3D, and were instead selling to 3D an "off specification" material, meaning that the same was not intended for the use in the manufacture of the particular parts which 3D was manufacturing under the General Motors specifications.  The substantial material change by Schulman violated the General Motors contract with 3D.  No permission was sought from 3D, General Motors, or 3D's customer to change the material to an off

specification material. Schulman breached the General Motors specification requirement that they not change materials without permission of purchasers such as 3D, General Motors, or 3D's customers. Therefore, the change in material provided by Schulman to 3D without receiving permission, nor notifying 3D, General Motors or 3D's customers, violated the contract which 3D had with General Motors.

9. As a result of this defective product, not only has 3D lost business opportunities that was vital to its business, it also has over 80,000 parts that cannot be shipped to customers. In addition, 3D had to re-manufacture and ship non-defective parts at its own expense to the customer to replace the defective parts.

10. In addition to the above violations, Defendant has intentionally and/or alternatively, negligently reported misleading or false information to credit reporting agencies that has resulted in additional damages to 3D, and has had an adverse affect on 3D's business relationships with customers.

11. Further, 3D lost the opportunity to be purchased by a buyer who had given 3D a letter of intent to purchase the 3D business.

12. Defendant engaged in false, misleading or deceptive acts or practices in the conduct of its trade or commerce with 3D which were a producing cause of damages to 3D, in at least the following respects:

    a. causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services;

    b. causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by another;

    c. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities

  which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not have;

  d. representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

  e. advertising goods or services with intent not to sell them as advertised.

  f. making false or misleading statements of fact concerning the reasons for, existence of, or amount of goods purchased;

  g. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

  h. taking advantage of the lack of knowledge, ability, experience or capacity of 3D to a grossly unfair degree by Defendant's conduct set forth herein;

  i. representing that a guarantee or warranty confers or involves rights or remedies that it does not have or involve.

  j. failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

13. Defendant engaged in an unconscionable action or course of action that, to 3D's detriment, took advantage of 3D's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

14. Defendant breached the implied warranties of fitness and merchantability in its transactions with 3D.

15. Defendant's engagement in false, misleading and deceptive acts or course of conduct, and its unconscionable course of action and course of conduct as described herein were all done knowingly and Defendant is liable to 3D for additional damages as provided by the DTPA.

16. Defendant's conduct as described in this complaint and the resulting damage and loss to 3D has necessitated 3D to retain the attorneys whose names are subscribed to this complaint. 3D is, therefore, entitled to recover from Defendant an additional sum to compensate 3D for a reasonable fee for such attorney's services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

17. 3D properly notified Schulman of its intent to bring suit against Schulman in accordance with the Texas Business & Commerce Code 17.505(a).

18. Defendant's wrongful conduct was a producing cause of 3D's damages, including loss of income, increased expenses, and loss of business opportunities.

19. 3D seeks recovery of unliquidated damages that are within the jurisdictional limits of this court.

20. Defendant's actions were committed knowingly and intentionally, which entitles 3D to recover treble damages under Texas Business & Commerce Code section 17.50(b)(1).

21. In addition to other counts, the actions of Defendant were also caused by the common law and statutory negligence of Defendant in manufacturing and distributing defective parts, and in failing to properly notify 3D of the defect.

22. 3D would show that Defendant's actions, acting through their agents, servants or employees, were unreasonable and negligent, which proximately caused 3D's damages.

23. Pleading further, 3D would show that Defendant's actions, through their agents, servants or employees, were also grossly negligent, also being a proximate cause of 3D's injuries and damages, thereby allowing the imposition by the Court of exemplary damages as said acts were done maliciously.

24. Pleading further, 3D would show that Defendant has committed fraud in its transactions with 3D, which are a proximate cause of the damages to 3D.

25. All conditions precedent have been performed or have occurred.

26. All damages sought by Plaintiff herein are within the jurisdictional limits of this Court.

27. Plaintiff prays for recovery of all damages allowed by law from Defendant and be awarded a judgment against Defendant for the following:

   a. Actual damages.

   b. Treble damages.

   c. Prejudgment and postjudgment interest.

   d. Court costs.

   e. Attorneys fees.

   f. Additional damages as allowed by law.

   g. Exemplary damages.

   h. All other relief to which Plaintiff is entitled.

Respectfully submitted,

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

        Dan Stroup
        State Bar No. 19425200
        DAN STROUP, PC.
        3400 W. Marshall Ave., Ste. 307
        Longview, Texas 75604
        Telephone: (903)295-2200
        Facsimile: (903)295-2171

By:    */s/ Blake C. Erskine*
      Blake C. Erskine
      State Bar No. 06649000

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served by electronic transmission this 30th day of April, 2008, to the following:

Deron R. Dacus
Ramey & Flock P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702

Grant Gealy
Mills Shirley, L.L.P.
1021 Main, Suite 1950
Houston, Texas 77002-6502

   */s/ Blake C. Erskine*
   BLAKE C. ERSKINE